OPINION
{¶ 1} Appellant Cecily Clark ("Appellant") appeals the decision of the Municipal Court of Fairfield County that denied her motion to suppress. The following facts give rise to this appeal.
 {¶ 2} On December 5, 2004, at approximately 2:29 a.m., Officer Matthew Petty of the Lancaster Police Department was on routine patrol when he observed two off-duty sheriff deputies, who were working private security, running in a private parking lot. Officer Petty observed a green Jeep, driven by appellant, backing up in the parking lot. Officer Petty pulled into the parking lot, turned on his overhead lights, and blocked the Jeep from exiting the parking lot. After Officer Petty conducted a further investigation, he charged appellant with operating a vehicle under the influence of alcohol and failure to control on private property.
 {¶ 3} On December 8, 2004, appellant appeared for her arraignment and entered pleas of not guilty to both charges. Thereafter, appellant filed a motion to suppress arguing Officer Petty lacked reasonable articulable suspicion to justify the initial seizure of her. The trial court conducted a hearing on appellant's motion on April 8, 2005. On May 27, 2005, the trial court issued a judgment entry denying appellant's motion to suppress. The trial court found the initial seizure of appellant supported by reasonable suspicion of unlawful activity. Specifically, the trial court stated:
 {¶ 4} "There is no doubt that this is an investigative stop. In order to determine its lawfulness, we must look through the eyes of Lancaster Police Officer Matt Petty. Officer Petty believed he saw a vehicle hit a `guard shack' and believed that two uniform deputies were running toward that same vehicle. These are specific and articulable facts which, taken together with rational inferences from those facts, reasonably ???warrant the actual stop." Judgment Entry, May 27, 2005, at 2.
 {¶ 5} On June 17, 2005, appellant changed her plea to no contest to the charge of operating under the influence of alcohol. The trial court sentenced her accordingly.
 {¶ 6} Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 7} "I. THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO SUPPRESS."
 I {¶ 8} In her sole assignment of error, appellant contends her seizure by Officer Petty was not based upon reasonable and articulable suspicion of unlawful activity. We disagree.
 {¶ 9} On appeal, there are three methods of challenging a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19; Statev. Klein (1991), 73 Ohio App.3d 486; State v. Guysinger
(1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v.Williams (1993), 86 Ohio App.3d 37.
 {¶ 10} Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case.State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor
(1993), 85 Ohio App.3d 623.
 {¶ 11} In the case sub judice, appellant argues the trial court did not apply the correct law to the findings of fact and that the court incorrectly decided the ultimate issue raised in her motion to suppress. We have reviewed the trial court's judgment entry and find the court did apply the correct law. Therefore, our review of this matter will address whether the trial court correctly decided the ultimate issue raised in appellant's motion to suppress. We will do so under a de novo standard of review.
 {¶ 12} According to Terry v. Ohio (1968), 392 U.S. 1, a warrantless search and seizure is reasonable when a reasonably prudent person is aware of facts sufficient to warrant a belief that a person has committed or is committing a crime. In determining whether an officer has acted reasonably under the circumstances, "* * * due weight must be given, not to [the officer's] inchoate or unparticularized suspicion or `hunch,' but to the specific reasonable inferences which he is entitled to draw from the facts in light of his experience." Id. at 27.
 {¶ 13} "Since Terry, courts have struggled with the elusive concept of what comprises a reasonable suspicion that someone is engaging in, or about to engage in, criminal activity. Terms like `articulable reasons' and `founded suspicion' are not self-defining; they fall short of providing clear guidance dispositive of the myriad factual situations that arise. Fleshing these terms out, courts have concluded that an objective and particularized suspicion that criminal activity was afoot must be based on the entire picture — a totality of the surrounding circumstances. Furthermore, the circumstances are to be viewed through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold. A court reviewing the officer's actions must give due weight to his experience and training and view the evidence as it would be understood by those in law enforcement." State v. Andrews
(1991), 57 Ohio St.3d 86, 87-88.
 {¶ 14} Appellant argues no reasonable suspicion of unlawful activity existed to justify the seizure of her vehicle because Officer Petty merely observed two deputies running in the general direction of her vehicle. Upon review of Officer Petty's testimony presented at the suppression hearing, we find Officer Petty observed other facts that further supported the seizure of appellant's Jeep.
 {¶ 15} First, Officer Petty is an experienced police officer. He has been employed by the Lancaster Police Department for approximately eight years. Tr. Suppression Hrng., Apr. 8, 2005, at 5. Prior to that, he was employed by the Ohio University Police Department for two and one-half years and also served as a military police officer for four years. Id. at 6.
 {¶ 16} Second, Officer Petty observed two off-duty sheriff's deputies, who work at the City Bar and Orange Carpet, on special duties on Friday and Saturday nights, running toward the direction of the Jeep that was backing up. Id. at 7, 19. Officer Petty testified that when he saw the deputies running toward the Jeep, he knew something was going on with that vehicle. Id. at 11. Third, Officer Petty observed that the Jeep was within inches of the building as it was backing up. Id. at 11, 24. He believed the Jeep had hit the building because of its closeness to the it. Id. at 11, 19.
 {¶ 17} Thus, although Officer Petty did not actually see appellant's Jeep hit the building, we find, viewing the facts of this case as Officer Petty did and giving due weight to his experience and training, that Officer Petty had a reasonable and articulable suspicion to seize appellant's vehicle.
 {¶ 18} Accordingly, the trial court did not err when it denied appellant's motion to suppress.
 {¶ 19} Appellant's sole assignment of error is overruled.
 {¶ 20} For the foregoing reasons, the judgment of the Municipal Court of Fairfield County, Ohio, is hereby affirmed.
Wise, P.J., Gwin, J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Fairfield County, Ohio, is affirmed.
Costs assessed to Appellant.